428 P.2d 423

**STATE of Arizona, Appellee,**

**v.**

**Leon Harm WILLARD, Appellant.**

**No. 1774.**

Supreme Court of Arizona,
In Banc.
June 7, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The appellant, Leon Harm Willard, plead guilty on February 21, 1967 to the crime of child molesting, a felony, under § 13–653, A.R.S., and was sentenced to a term of not less than ten years nor more than life in the Arizona State Prison.

The record discloses that a complaint was filed on May 18, 1966, charging defendant with molesting a four year old child. On the date set for his preliminary examination, defendant appeared with counsel from the public defender's office, and waived a preliminary examination. The defendant was then held to answer for the charge, and an information was filed June 6, 1966.

Meanwhile, a motion had been filed by defense counsel for examination of defendant's mental condition pursuant to Rule 250, Rules of Criminal Procedure, 17 A.R.S. After an examination by two qualified experts and a determination by the trial court of defendant's ability to stand trial under Rule 250, defendant was found unable to assist counsel by reason of mental condition and was committed to the Arizona State Hospital on August 30, 1966. Willard was later found able to assist counsel on December 14, 1966.

At his arraignment, defendant entered a plea of not guilty, the office of the public defender was ordered to represent him and the trial date was set. However, on February 1, 1967, the defendant was allowed to withdraw his plea of not guilty, and change it to one of guilty. On February 21, 1967 the Court questioned the defendant as to his desire to enter a plea of guilty, to make sure defendant was entering such freely and voluntarily, and that he understood the consequences of entering such a plea. The defendant indicated that he so understood. The judge then reviewed defendant's background, and imposed sentence, after first

entering a judgment of defendant's guilt. An allegation of a prior conviction was struck from the record, and a charge against defendant for rape was dismissed upon the motion of the County Attorney.

Notice of appeal was filed on March 1, 1967, with an affidavit of indigency. The court-appointed counsel filed a motion with the Court to allow appeal on the record, as counsel was unable to find grounds upon which an appeal could be based. Therefore, we have searched the entire record for fundamental error as required in § 13–1715 A.R.S. The record discloses that defendant was represented by counsel at all times during the proceedings, and that defendant's plea of guilty was voluntarily given. We therefore find no prejudicial error, and that the appeal is frivolous. The judgment of the Superior Court is affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J.; and STRUCKMEYER and UDALL, JJ., concur.