Steve **COLWELL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A-15475.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

Rehearing Denied Dec. 7, 1970.

 

Guy Fitzsimmons, Sapulpa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Steve Colwell, hereinafter referred to as defendant, was charged in the District Court of Creek County, Oklahoma, for the crime of Manslaughter Second Degree. Judgment and sentence was imposed on the 16th day of June, 1969, sentencing defendant to serve from three to four years in the state penitentiary.

Immediately after the hearing on defendant's motion for new trial, defendant's attorney requested that the court reporter, who took the record of said trial, transcribe all of the records and testimony, in order that defendant might file and perfect his appeal to this Court. Sometime after the request to transcribe the record was made, the Court Reporter, Mr. Gene Treadwell, became seriously ill and unable to transcribe the said records of trial. To this date the transcript of evidence has not been transcribed. Further, the court reporter states by affidavit that he is unable to transcribe the record or to certify its correctness if it could be transcribed.

The Court therefore finds that due to the illness of said court reporter, it is impossible for him to complete the record of evidence in the District Court; and it is therefore impossible for defendant to provide this Court with the record and testimony in this case; and that counsel asserts by affidavit that it is impossible for him to provide such testimony from memory.

We have repeatedly held that where a timely request for a record has been made and through no fault of the defendant the record cannot be prepared or certified by the court reporter a new trial will be granted. See: O'Neal v. State, Okl.Cr., 450 P. 2d 913.

It appears in the instant case a timely request was made for the transcript of record and that due to the illness of the court reporter said records cannot be properly prepared or certified. We must accordingly hold that the judgment and sentence is reversed and remanded for a new trial.

It is therefore the order of this Court that this cause be reversed and remanded to the District Court of Creek County, Oklahoma, for a new trial.

BUSSEY and NIX, JJ., concur.