471 P.2d 294

**The STATE of Arizona, Appellee,**

**v.**

**Louise Mildred MYERS, Appellant.**

**No. 1 CA–CR 265.**

Court of Appeals of Arizona, Division 1.

June 29, 1970.

Rehearing Denied Aug. 3, 1970.

Review Denied Oct. 13, 1970.

**410**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Asst. Public Defender, Phoenix, for appellant.

KRUCKER, Judge.

Defendant, Louise Mildred Myers, was informed against on three counts—two counts of credit card forgery, and a count of obtaining property by false pretenses, as amended. Defendant plead not guilty to all counts. Some time thereafter, defendant plead guilty before the court to the third count, apparently in exchange for dismissal of the other two charges. She was then sentenced to not less than one nor more than three years. She appeals that determination.

Defendant makes three allegations of error:

(1) Defendant in fact never plead guilty.

(2) *Defendant's plea was involuntary* under Boykin v. Alabama.

(3) Defendant was not charged under the proper statute.

We take these allegations in order.

First, defendant contends that the record shows that she never actually plead guilty. The State agrees that the record does not reflect, in so many words, that defendant plead guilty.

We have read the transcript and agree that defendant never said "I plead guilty." However, for purposes of the hearing, we do not believe the overall proceeding left any doubt but that defendant was before the judge to change her plea. Her counsel asked her:

"* * * is it not so, Mrs. Myers, you indicated to me you wish to plead guilty to the offense of confidence game.

The Defendant: Yes."

We therefore must reject defendant's contention here.

Defendant secondly contends that her plea was involuntarily elicited and thus her conviction is reversible under the mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In *Boykin,* the United States Supreme Court held that the record in a criminal conviction based on a guilty plea must reveal that the plea was voluntary. However, in State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969), we pointed out that when a plea is a result of a plea bargain, as in the instant case, the defendant must first petition the trial court to set aside his plea. We believe this is necessary here because if defendant now wants to relinquish her plea bargain and open the dismissed charges against her, she, and not this court, must so decide. Defendants involved in plea bargains should not labor under the misconception that if their bargained guilty plea is set aside they are free of all charges. At best, they may be free of their bargain.

We therefore refuse to review defendant's contention as to *Boykin* defects.

Thirdly, defendant argues that she was charged under the wrong statute. She

was charged under A.R.S. § 13–312, a general criminal statute dealing with the obtaining of property by false representation. Defendant testified at her plea hearing:

\* \* \* \* \* \*

"THE DEFENDANT: Well, I found this credit card and well I got a disability check and it's not very much. And, but, anyway I found this card and I wanted some clothes. So I went down to a store and tried to, you know, let them think it was my card. And they called the Bank of America place and checked and they then, you know, they said it wasn't my card so they took me to jail."

Defendant now contends the proper charge should have been A.R.S. § 13–1075, and that when recent statutes specifically deal with certain subject matter, they must be used instead of a general statute, citing People v. Ali, 66 Cal.2d 277, 57 Cal.Rptr. 348, 424 P.2d 932 (1967).

We appreciate the problem which confronts defendant here in that under the general statute and the facts herein, a felony sentence can be imposed, but under A.R.S. § 13–1075, given the facts here, a misdemeanor sentence could be imposed. However, we believe defendant has waived her right to object by accepting the plea bargain herein. In the original information containing three counts, the two charges subsequently dismissed fell under the new credit card statutes, in particular, A.R.S. § 13–1074. However, defendant chose to take the third count instead of the two under the credit card statute.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.