475 P.2d 766

**The STATE of Arizona, Appellee,**

**v.**

**Jesse Ray MAXWELL, Appellant.**

**No. 1 CA–CR 259.**

Court of Appeals of Arizona,
Division 1.

Oct. 26, 1970.

---

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Doherty & Becker, by Mathis Becker, Phoenix, for appellant.

HOWARD, Chief Judge.

Defendant, Jesse Ray Maxwell, entered a plea of guilty and was convicted on September 12, 1969 of forgery (passing), a felony, in the Superior Court of Maricopa County, Honorable William H. Gooding presiding. He was then sentenced on September 23, 1969 to not less than ten (10) years nor more than fourteen (14) years in the Arizona State Prison. Defendant now appeals that conviction.

The facts are that defendant Maxwell was charged with the crime of forgery (passing), a felony. Maxwell had two attorneys appointed to him who were subsequently relieved because of the defendant's inability to communicate or get along with them. Finally a Mr. Wortman was appointed as counsel for Maxwell. Mr. Wortman advised the defendant to plead guilty. In return for the guilty plea the County Attorney agreed to dismiss an additional charge along with allegations of a prior conviction. Under this agreement the defendant was then sentenced.

Defendant raises two questions on appeal: (1) Should the trial judge have made further inquiry into the circumstances surrounding the guilty plea before he made the determination that the plea was knowingly, intelligently and voluntarily made. (2) Was the inactivity of the court-appointed counsel so detrimental to defendant's interests as to preclude any effective representation in the preparation of this matter so as to be a denial of due process.

The United States Supreme Court held in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that in a criminal conviction the record must reveal that a guilty plea was made voluntarily.

When the plea is a result of a plea bargain however, the defendant must first petition the trial court to set aside his plea. State v. Myers, 12 Ariz.App. 409, 471 P.2d 294 (1970); State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969). In *Myers* it was stated:

> "We believe this is necessary here because if defendant now wants to relinquish her plea bargain and open the dismissed charges against her, she, and not this court, must so decide. Defendants involved in plea bargains should not labor under the misconception that if their bargained guilty plea is set aside they are free of all charges. At best, they may be free of their bargain."

We refuse to entertain defendant's alleged *Boykin* defects.

Defendant alleges inactivity on the part of his court-appointed attorney in the preparation and defense of his cause.

We will not consider this issue as the defendant must first decide in the trial court whether or not he wishes to relinquish his plea bargain and move to vacate his plea under 16 A.R.S., Rule 60(c), as amended.

Judgment affirmed.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.