477 P.2d 251

**STATE of Arizona, Appellee,**

v.

**Ignacio PONCE, Appellant.**

**No. 2035.**

Supreme Court of Arizona.

Nov. 30, 1970.

Gary K. Nelson, Atty. Gen., and Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Anderson, Welker & Flake, by Dudley S. Welker, Safford, for appellant.

PER CURIAM.

This case is before us on .a delayed appeal. It appears from the record that defendant, on the 24th day of December, 1967, was charged in Precinct No. 1 of the Justice

Court of Greenlee County, Arizona, with the crime of assault with a deadly weapon.

A commitment to hold the defendant was signed by the Justice of the Peace on the 26th day of December, 1967, and the minutes of the Clerk of the Court show that on the 27th day of December 1967 the defendant was arraigned in the Superior Court without counsel.

At the time of the arraignment the defendant was advised of the crime with which he was charged and of his right to counsel and, after the information was read to him he entered a plea of guilty of assault with a deadly weapon as charged in the information. Thereafter the Court entered an order in the minutes fixing the time for passing sentence for January 2d, 1968 at ten a. m.

On the 2d day of January 1968, at 10:50 a. m., the defendant was present in court without counsel, at which time the Superior Court of Greenlee County entered judgment that the defendant was guilty of the crime, as charged, and further ordered that he be imprisoned in the Arizona State Prison for a period of not less than five years nor more than ten years from January 2d, 1968.

There was no Court Reporter present during the hearing and no stenographic record was kept of the proceedings. Therefore, on appeal, a serious question is presented as to whether the defendant fully understood his rights and the consequences of a plea of guilty at the time he entered his plea of guilty.

It is the contention of counsel for defendant that he did not intelligently and voluntarily enter a plea of guilty and that his fundamental constitutional rights were violated. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, it is stated:

"It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary."

It is further contended there was not an intelligent and voluntary waiver of the appointment of counsel on the part of the defendant, which would allow the court to sentence the defendant without further proceedings that would show the defendant's constitutional rights were protected.

In view of the state of the record, it is ordered that the case be remanded to the Superior Court of Greenlee County for further hearing to determine whether the defendant intelligently and voluntarily waived representation by counsel and intelligently entered his plea of guilty at the time of his arraignment.

It is further ordered that the trial court make findings of fact and a determination as to the question of whether the defendant did intelligently and voluntarily waive the right to counsel and did voluntarily and intelligently enter a plea of guilty.

It is further ordered that the findings and determination by the Court be transmitted to this Court for its further consideration.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.