475 P.2d 745

**STATE of Arizona, Appellee,**

v.

**Michael Duane LEUCK, Appellant.**

**No. I CA–CR 244.**

Court of Appeals of Arizona,
Division 1.

Oct. 26, 1970.

Rehearing Denied Nov. 20, 1970.

Review Granted Jan. 12, 1971.

———————

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

This is an appeal from a judgment of conviction of the offense of possession of marijuana and the sentence imposed thereon.

■ The defendant challenges the validity of the judgment on the grounds that his plea of guilty was not voluntarily and intelligently made. We agree that a defendant must enter a guilty plea freely and voluntarily and with understanding of the nature and consequences of the plea. State v. Willard, 102 Ariz. 271, 428 P.2d 423 (1967); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). However, we do not agree with defendant that since the guilty plea was the result of a "bargain", it is thereby vitiated. Cortez v. United States, 337 F.2d 699 (9th Cir. 1964); State v. Linsner, 105 Ariz. 488, 467 P.2d 238 (1970).

■ Defendant also attacks the judgment on the grounds that the trial court failed to comply with the standards enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We decline, however, to consider the claim of *Boykin* defects since this matter has not been presented to the trial court.

The defendant's plea was the result of a plea bargain and this court has consistently adhered to the rule that we will not consider a *Boykin* attack in the absence of a prior application to the trial court, pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S., to vacate the guilty plea. State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969); State v. Myers, 12 Ariz.App. 409, 471 P.2d 294 (1970); State v. Maxwell, 13 Ariz.App. 281, 475 P.2d 766.

■ Defendant's counsel has made an impassioned plea for reduction of the defendant's sentence, arguing that neither society nor defendant will be benefited by a lengthy incarceration of defendant. He also questions the wisdom of legislation

prohibiting possession of marijuana. However, it is not this court's function to question legislative wisdom nor do we interfere with the sentencing court's discretion, when the sentence imposed is within the statutory limits, in the absence of a manifest abuse thereof.

The judgment and sentence are affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.