479 P.2d 196

**STATE of Arizona, Appellee,**

**v.**

**Richard PORTER, Appellant.**

**No. I CA–CR 266.**

Court of Appeals of Arizona, Division 1.

Jan. 13, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

David H. Palmer, Prescott, for appellant.

HATHAWAY, Judge.

The appellant, while represented by a court appointed attorney, pled guilty in superior court in Yavapai County to a petty theft charge with a prior felony conviction, and was sentenced to the Arizona State Prison for a term of not less than two nor more than five years. After the entry of judgment and sentence, he filed his notice of appeal, In Propria Persona, and requested that he be furnished a free record on appeal and that counsel be appointed. These requests were granted by the trial court, and Mr. H. K. Wilhelmsen was appointed to represent him on the appeal.

The record on appeal was filed in the court of appeals, and Mr. Wilhelmsen thereafter filed his "statement of appointed counsel on appeal," a copy of which was sent to the appellant. In his statement, Mr. Wilhelmsen indicated that it was his opinion that the appeal is "wholly frivolous."

The Attorney General filed a response to the statement of appointed counsel on appeal contending that the statement does not comply with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), since no reason was given for the conclusion that the appeal is wholly frivolous and urged that counsel should file a brief setting forth in greater detail an analysis of the case. Being of the opinion that the court should have the benefit of an analysis of the record by additional counsel, this court appointed Mr. David H. Palmer for that purpose.

Mr. Palmer has filed a brief in which he states that it might arguably be urged that there is a question that the appellant did

not enter his plea voluntarily because he did not fully understand his rights. Secondly, he raises the question that the sentence imposed was excessive.

However, counsel indicates in the record that the appellant was repeatedly advised of his rights and that he personally answered that no promises of leniency were made to him, nor was he threatened or coerced, and affirmatively answered that the plea was given freely and voluntarily. He was further asked whether he took the property, and admitted doing so without consent. He personally waived a jury trial and indicated that he wished to enter the plea as was done. All of this was accomplished at a time when he was represented by counsel and indicated to the court that he had discussed his rights with his attorney. Counsel for appellant concluded that the appeal was wholly frivolous and requested leave to withdraw. We ordered counsel for appellant to furnish the appellant a copy of the brief filed with us together with the record and we granted his motion to withdraw as counsel. The appellant was given an opportunity to file an additional brief on his own behalf and has done so.

On his own behalf, appellant questions the "plea-bargaining" procedure followed in the trial court. His entire argument is based upon allegations outside of the record. Furthermore, we decline to hear complaints on the voluntariness of his plea since the matter has never been presented to the trial court. State v. Leuck, 13 Ariz.App. 260, 475 P.2d 745 (1970); State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969); State v. Myers, 12 Ariz.App. 409, 471 P.2d 294 (1970); State v. Maxwell, 13 Ariz.App. 281, 475 P.2d 766 (1970).

The second question raised by appellant seems to deny his admission of the prior conviction at the time of his arraignment. The record discloses otherwise. The prior conviction was identified as grand theft in the same court. The docket number and date of sentence were given. On query by the court, the defendant personally admitted the prior conviction.

There appears to be no basis for contention that the sentence was excessive. The record reveals that the appellant was no newcomer and the court reviewed his record prior to sentencing. The sentence was clearly authorized under A.R.S. § 13–1649.

The judgment of conviction is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.