493 P.2d 493

The STATE of Arizona, Appellee,

v.

Silas WASHINGTON, Appellant.

No. 1908.

Supreme Court of Arizona,
In Division.

Feb. 3, 1972.

Rehearing Denied Feb. 29, 1972.

Gary K. Nelson, Atty. Gen. by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilty and sentence of five to six years en-tered in the Maricopa County 'Superior Court on a plea of guilty to first degree burglary, § 13–301 and § 13–302 A.R.S.

There is only one question presented for review: Is a defendant denied due process, in a guilty plea case, when the record on appeal is incomplete in that the transcript of the plea of guilty reported stenographically by the court reporter is missing?

The facts necessary for a determination of this matter are as follows. On 21 September 1967, police officers apprehended the defendant Silas Washington in the midst of an attempted burglary of a building at 830 East Washington Street, Phoenix, Arizona. On 22 September 1967, a complaint was filed against defendant in the East Phoenix I Precinct, Justice Court, and on 9 October 1967 a preliminary hearing was held and defendant was ordered bound over. On 18 October 1967, an information was filed alleging burglary and a prior conviction of a felony. The defendant pleaded not guilty to the information and denied the allegation of a prior conviction.

On 2 February 1968, defendant appeared before the Superior Court with retained counsel. At this time the State filed an amended information alleging burglary, first degree, but no allegation of a prior conviction. Also filed was the following stipulation signed by defendant, his attorney, and the Deputy County Attorney:

"It is hereby stipulated by defendant and his counsel that this amended complaint is filed without objection for the purpose of entering a plea of guilty; it is further stipulated that if at a subsequent time this plea be withdrawn for any reason, this information may be re-amended without objection to allege the charge contained in the original information."

The minute entries of the change of plea, on 2 February 1968, show:

"1:30 P.M., This is the time set for change of plea. The State is represented by Deputy County Attorney, Steven Gerst; the Defendant is present with

counsel, Frank Gibson; Court Reporter, Elizabeth Riley, is present.

"There being no objection, IT IS ORDERED that the State is granted leave to file an Amended Information for Burglary (First Degree) with attached Stipulation signed by the Defendant and Defendant's Counsel.

"FILED: Amended Information for Burglary (First Degree).

"The Defendant in open court with counsel states that he desires to withdraw his former plea of Not Guilty to the Original Information and to now enter a plea of Guilty to the Amended Information for Burglary (First Degree).

"The Court inquires of the Defendant and finds that he understands the nature and consequences of this change of plea, that he desires to make this change of plea willingly, voluntarily, and that no threats or promises were made to induce him to change his plea.

"IT IS ORDERED granting the Defendant leave to withdraw his former plea of Not Guilty to the Original Information and to now enter a plea of Guilty to the Amended Information for Burglary (First Degree)."

Defendant filed a timely appeal to the judgment of conviction and sentence of not less than five years and not more than six years. Counsel attempted to obtain the reporter's transcript of the plea, but such transcript was not forthcoming, as evidenced by the following affidavit:

"Robert Hughes being first duly sworn deposes and says:

"That he is a duly designated court reporter for the Superior Court of the State of Arizona in and for the County of Maricopa and is presently serving as court reporter in the court of the Honorable Robert L. Myers now Division 6, formerly Division 7.

"That he has made a search of the notes of Elizabeth (Riley) Bond, formerly designated court reporter in the Maricopa County Superior Court and has been unable to locate the notes of said reporter for the hearing before Judge Chatwin on the change of plea to guilty in the above entitled cause.

/s/ 
ROBERT L. HUGHES"

The reporter's transcript of the sentencing was available and was properly filed.

DID THE INABILITY OF THE COURT TO FURNISH A TRANSCRIPT OF THE PLEA CONSTITUTE A DENIAL OF DUE PROCESS?

■ At issue here is the voluntariness of a guilty plea under standards prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), since Boykin is not retroactive. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969).

We have previously held that in pre-Boykin cases:

"* * * a presumption exists that when a defendant who is represented by counsel changes his plea at trial from not guilty to guilty as a result of plea bargaining, he does so with full knowledge of the facts and consequences thereof. State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967)." State v. McCallister 107 Ariz. 143, 145, 483 P.2d 558, 560 (1971).

We have also indicated that pre-Boykin cases must be judged "with reference to the basic fairness of those proceedings rather than to rigid standards [of Boykin] subsequently promulgated of which the trial judge could not have been aware." State v. Johnson, 107 Ariz. 169, 171, 484 P.2d 1, 3 (1971). Judged by these standards, the judgment and sentence must be affirmed.

Defendant points to State v. Ponce, 106 Ariz. 420, 477 P.2d 251 (1970), in support of his position. In Ponce, supra, this court reversed and remanded a conviction based on a guilty plea because, in addition to not being represented by counsel:

"There was no Court Reporter present during the hearing and no stenographic

record was kept of the proceedings. Therefore, on appeal, a serious question is presented as to whether the defendant fully understood his rights and the consequences of a plea of guilty at the time he entered his plea of guilty." State v. Ponce, supra, 106 Ariz. at 421, 477 P.2d at 252.

■ We believe that the Ponce decision, supra, can be distinguished on two grounds. First, Ponce was not represented by counsel, and secondly, Ponce's guilty plea was not the result of a plea bargain. While it is true that defendants can be prejudiced by inadequate representation of counsel, there is no allegation by defendant herein that such was the case. We believe that where a defendant is represented by adequate counsel and a plea of guilty is entered after a plea bargain, the appellate courts are justified in giving credence to the trial court's findings as set forth in the minutes that the plea of guilty was "willingly" and "voluntarily" made and that the defendant understood "the nature and consequences of this change of plea."

Judgment affirmed.

HAYS, C. J., and LOCKWOOD, J., concur.