## PHOTO "3-g"

 

503 P.2d 791

**The STATE of Arizona, Appellee,**

**v.**

**Calvin Leslie ST. JOHN, Appellant.**

**Nos. 2241, 2341.**

Supreme Court of Arizona,
In Division.

Nov. 27, 1972.

Rehearing Denied Jan. 2, 1973.

 

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs and William P. Dixon, Asst. Attys. Gen., Phoenix, and Michael J. Miller, Law Student, University of Ariz., Tucson, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

. CAMERON, Vice Chief Justice.

This is a delayed appeal from judgments of guilty after pleas of guilty and sentences .of thirty-three to thirty-five years for the crime of robbery, § 13–641 and § 13–643 A.R.S.; nine to ten years for the crime of kidnapping with intent to commit robbery, § 13–491 A.R.S.; thirty-three to thirty-five years for the crime of assault with a deadly weapon (gun), § .13–249 A.R.S.; and thirty-three to thirty-five years for the crime of robbery, § 13–641 and § 13–643 A.R.S., all terms to run concurrently.

The sole issue presented for our determination in this matter is whether a plea of guilty entered prior to the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) can be affirmed when the reporter's transcript of the change of plea hearing is lost and is not a part of the record before this court.

The facts necessary for a determination of this matter are as follows. This appeal is from two cases below. Defendant was charged in CR 55786 in East Phoenix No.

1 Precinct Justice Court with codefendants Roger Lippi, Marchell .Larson, .David./K. Lipkin, and Ronald Reiman with four counts, all involving one Kerry David Burr as follows:

Count I, Assault with a deadly weapon

Count II, Robbery

Count III, Kidnapping

Count IV, Grand Theft (auto).

In CR 55719, defendant was charged in Northeast Precinct Justice Court with codefendants Scott Colter Shafer; Ronald Reiman, and Dennis Leroy Kenzy with five counts as follows:

one count of robbery,

one count of kidnapping· with intent to commit robbery,

and three counts of assault with a deadly weapon.

Defendant entered pleas of not guilty to all charges in both causes. Cause Nos. 55786 and 55719 were subsequently consolidated with CR 55979. On 2 December 1968, with his court appointed attorney, Mr. O. J. Wilkinson, the defendant appeared before the court and entered pleas of guilty to robbery, kidnapping with intent to commit robbery, assault with a deadly weapon, and robbery. The record indicates that the remainder of the charges in both cases and in another matter, Cause No. CR 55979, were dismissed.

The minute entries of. the change of plea on 2 December 1968 show:

"The State is represented by Deputy County Attorney Myron Shapiro; Defendant is present with counsel, O. J. Wilkinson; Court Reporter, Richard Sturges, is present.

"Counsel for the Defendant states that the Defendant wishes to withdraw his former plea of not guilty and to now enter a plea of guilty to Counts I and II of

Cause No. 55786, and Counts I and III of Cause No. 55719. Counsel for the Defendant states that it is his understanding that Cause No. 55979 will be dismissed at the time of sentencing, as well as the remaining counts in Cause No. 55786 and 55719.

"The Court inquires of the Defendant and finds that the Defendant's plea of guilty is being made voluntarily and intelligently, and with understanding of the consequences, and that no promises of immunity or threats of any kind have been made to persuade him to make this change of plea.

"IT IS ORDERED granting the Defendant leave to withdraw his former plea of not guilty and to now enter a plea of guilty to Count I, Assault With a Deadly Weapon, to wit: a gun, and Count II, Robbery, as to Cause No. 55786, and to Count I, Robbery, and Count III, Kidnaping, as to Cause No. 55719.

"Defendant now enters a plea of guilty to the various counts as stated above and the Court accepts the change of plea.

"IT IS ORDERED setting this matter for disposition of sentence on Friday, December 6, 1968 at 1:30 P.M., in Division 14.

"IT IS FURTHER ORDERED vacating the trial date of December 2, 1968."

On 18 August 1970, some twenty months after sentencing, the defendant requested a mitigation hearing claiming he did not know at the time that he had the right to such a hearing and that:

"I had two co-defendants on the Assault With a Deadly Weapon and one Robbery charge. They both received much lighter sentences than I did. My Probation Officer told me, before my change of plea, that I would receive 5 to Life for both charges running concurrently, if I plead guilty."

The trial court denied the motion and defendant did not appeal from said ruling.

On 16 March 1971, this court granted the application of defendant for a delayed appeal. The Public Defender was appointed to represent St. John and an order for transcript of the proceeding above described to be furnished defendant at county expense was entered on 18 March 1971. Defendant had been unable to obtain the reporter's transcript of the change of plea. The court reporter has, however, furnished defendant with an affidavit that he is unable to locate the notes of the proceedings held on 2 December 1968.

Defendant contends that he has been denied due process because the court is unable to furnish a transcript of the proceedings which affirmatively shows that the pleas of guilty were intelligently or knowingly made. Defendant does not allege that he did not make a voluntary, intelligent plea, only that the record does not affirmatively show it.

The issue is the voluntariness of a guilty plea under the standards prior to Boykin v. Alabama, supra. We have held Boykin is not retroactive, State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), and that pre-Boykin cases will be judged "with reference to the basic fairness of these proceedings rather than to rigid standards (of Boykin) subsequently promulgated of which the trial judge could not have been aware." State v. Johnson, 107 Ariz. 169, 170, 484 P.2d 1, 3 (1971).

Defendant, in contending that the record does not show affirmatively that his plea was voluntarily and intelligently made with full knowledge of the consequences of the plea, relies on our decision in State v. Ponce, 106 Ariz. 420, 477 P.2d 251 (1970). We have stated in regard to Ponce, supra:

"Defendant points to State v. Ponce, 106 Ariz. 420, 477 P.2d 251 (1970), in support of his position. In Ponce, supra, this court reversed and remanded a conviction based on a guilty plea because, in

addition to not being represented by counsel:

'There was no Court Reporter present during the hearing and no stenographic record was kept of the proceedings. Therefore, on appeal, a serious question is presented as to whether the defendant fully understood his rights and the consequences of a plea of guilty at the time he entered his plea of guilty.' State v. Ponce, supra, 106 Ariz. at 421, 477 P.2d at 252.

"We believe that the Ponce decision, supra, can be distinguished on two grounds. First, Ponce was not represented by counsel, and secondly, Ponce's guilty plea was not the result of a plea bargain. While it is true that defendants can be prejudiced by inadequate representation of counsel, there is no allegation by defendant herein that such was the case. We believe that where a defendant is represented by adequate counsel and a plea of guilty is entered after a plea bargain, the appellate courts are justified in giving credence to the trial court's findings as set forth in the minutes that the plea of guilty was 'willingly' and 'voluntarily' made and that the defendant understood 'the nature and consequences of this change of plea'." State v. Washington, 108 Ariz. 111, 112, 113, 493 P.2d 493, 494, 495 (1972).

In the instant case, the minutes are a part of the record on appeal and are affirmative evidence in pre-Boykin cases that the trial court judge made the required inquiry and findings in the presence of the defendant's counsel. State v. Claytor, 3 Ariz.App. 226, 413 P.2d 285 (1966); and see State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965); Arizona Constitution, Article VI, § 30, A.R.S.

Judgment affirmed.

HAYS, C. J., and EINO M. JACOBSON, Judge, Court of Appeals, Division 1, Department B, concur.