508 P.2d 96

STATE of Arizona, Appellee,

v.

Jesse Ray MAXWELL, Appellant.

No. 1 CA–CR 475.

Court of Appeals of Arizona,
Division 1,
Department B.

March 27, 1973.

Rehearing Denied April 17, 1973.

Review Denied May 15, 1973.

**432**

Gary K. Nelson, Atty. Gen. by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Lieberthal & Kashman by Howard A. Kashman, Tucson, for appellant.

JACOBSON, Chief Judge of Division One.

This criminal appeal requires the court to determine whether a missing transcript of a no longer required hearing mandates a remand of this matter for further proceedings in the trial court.

On September 12, 1969, defendant, pursuant to a plea bargain, entered a plea of guilty to one count of forgery, a felony. The state, pursuant to its bargain, dismissed an additional count of forgery and the allegations of two prior convictions. The defendant was sentenced to not less than ten nor more than fourteen years in the Arizona State Prison.

On October 9, 1969, the defendant *in propria persona* filed an appeal from the judgment of guilt and sentence, alleging that his guilty plea was not knowingly, intelligently and voluntarily made and that the assistance of court-appointed counsel was ineffectual.

On October 26, 1970, Division 2 of this court held that where a plea was the result of a plea bargain the defendant was required to first petition the trial court to set aside his plea before an appellate court would review the same, stating:

"We refuse to entertain defendant's alleged Boykin [Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] defects.

"Defendant alleges inactivity on the part of his court-appointed attorney in the preparation and defense of his cause.

"We will not consider this issue as the defendant must first decide in the trial court whether or not he wishes to relinquish his plea bargain and move to vacate his plea under 16 A.R.S., Rule 60(c), as amended." State v. Maxwell, 13 Ariz.App. 281, 282, 475 P.2d 766, 767 (1970).

This decision of Division 2 became final. On November 6, 1970, pursuant to that decision, defendant filed a "Motion to Vacate Plea" in the superior court. A hearing was held on this motion on November 18, 1970, and the same was denied on November 19, 1970. While the proceedings at this hearing were recorded by an official court reporter, Mr. Richard W. Sturges, both counsel for the state and the defendant have advised the court that their efforts to obtain a transcript of these proceedings from Mr. Sturges have proved fu-

tile. Nor have counsel been able to obtain from this same court reporter a transcript of the sentencing, at which time the defendant moved to withdraw his guilty plea based upon ineffective assistance of counsel.

On March 25, 1971, the Arizona Supreme Court, in the case of State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971), specifically held that an appellate court could determine, in a plea bargain setting, whether a defendant's plea of guilty was in compliance with the requirements of Boykin v. Alabama, *supra,* without first making a motion in the trial court to set aside the plea, and overruled all prior decisions to the contrary.

The record before this court indicates the following. The defendant was originally charged on May 8, 1968, and shortly thereafter the Public Defender of Maricopa County was appointed to represent him. On June 6, 1968, the Public Defender was allowed to withdraw from representation, and private counsel was substituted. This private counsel continued to represent the defendant until August 5, 1969, a period of approximately 14 months, when he also was allowed to withdraw, and new counsel was appointed. During this 14-month period the record reveals that on two occasions, the last being on August 6, 1969, the day after new counsel undertook representation, the defendant was brought to court for the purpose of changing his plea. On both occasions the change of plea aborted. After the third counsel was appointed and after receiving all records available, the trial date was set for the last time for September 15, 1969. This was the eleventh trial setting made in this case. This third counsel lasted until September 5, 1969, when he moved to withdraw on the grounds of lack of cooperation. At a hearing held on September 5, 1969, for determination of counsel, the court was reluctant to appoint new counsel because of the imminence of the pending trial date. The transcript of that hearing reveals the following colloquoy between the court and the defendant:

"THE COURT: Well, I wish it were that simple. Judge Hardy says he does not propose to appoint another attorney. The trial is set for a week from Monday. It is set on both cases and it is set to the Court without a jury.

\* \* \* \* \* \*

"THE COURT: Do you have any idea how long it is going to take to get ready for the trial of this matter?

"MR. MAXWELL: Your Honor, if the Court feels another attorney can be appointed, the witnesses are in town, we can go to court just as soon as we're ready. Now, I need an attorney. I can't represent myself. I know this matter has been pending way over a year. I want to get it over with."

Based upon the representations of the defendant, the trial court allowed the defendant's third counsel to withdraw and appointed a fourth. The court further ordered that a transcript of the preliminary hearing be made available to new counsel which, when prepared, consisted of fifteen pages, and it was delivered to counsel six days prior to the trial setting. On September 12, 1969, three days prior to trial, the defendant appeared in court with counsel for the purpose of withdrawing his not-guilty plea and entering a plea of guilty. The transcript of this hearing indicates that the trial court addressed the defendant individually; advised him that his constitutional rights to a jury trial, confrontation of witnesses and against self-incrimination, were being waived; discussed with the defendant the nature of the charge against him; advised him of the maximum punishment he could receive; and established a factual basis for the plea. In addition, the court found that the plea was made knowingly, voluntarily and intelligently.

At the time set for sentencing, the defendant moved to withdraw his guilty plea. Although the transcript of that hearing is not available, present counsel (counsel dif-

ferent from that representing the defendant at the change of plea hearing and sentencing) asserts that the grounds for the motion to withdraw were the inexperience of his fourth counsel, the inadequacy of time in which counsel could prepare prior to trial, his counsel's failure to issue subpoenas, the failure of his counsel to determine independently whether the waiver of a jury trial by former counsel (a waiver in which the defendant had concurred) was proper and the failure of counsel to move for a continuance of the trial. The procedural steps previously outlined followed the court's denial of the motion to withdraw the plea and imposition of sentence.

On this appeal, the defendant raises the same issues raised in his previous appeal, namely, lack of effective assistance of counsel and the failure of the trial court to comply with Boykin v. Alabama, *supra*, at his change of plea hearing. In addition, the defendant raises the issue of the lack of a transcript of both his sentencing hearing and the hearing on his motion to vacate his guilty plea. We will deal with this last contention first.

Before discussing the legal aspects of this contention, it is the opinion of the court that we would be remiss in our duties as judges if we did not comment editorially upon the failure or inability of official court reporters to prepare and file transcripts of proceedings taken in their official capacities before courts of record. If this were an isolated case, these comments would possibly be out of order, however, in the last year this court and the Supreme Court of this state have on three occasions had to determine criminal appeals where all or a portion of the proceedings below were unavailable for appellate review because the court reporter had either lost or misplaced his or her notes or

had moved to greener pastures.[1] The effective administration of justice requires the establishment of a system of court reporting which would, at the minimum, reduce the possibilities of human negligence in handling of official notes of judicial proceedings and avoid the problem of the transient reporter.[2] In the opinion of this court, consideration should be given to a system requiring, at least, that notes of judicial proceedings, immediately after the proceeding is completed, be made a part of the official court file. To effect this result, ownership of notes of judicial proceedings should be transferred from the reporter who took them to the court who paid for them. In this regard, *see,* Short, Ernest H. and Ruthberg, Miles N., Use of Technology in and Administration of Court Reporting Systems, November 10, 1972 (copies available through the National Center for State Courts, Washington, D. C.).[3]

Turning now to the legal ramifications of the lost transcript of the hearing on the motion to vacate required by the mandate of State v. Maxwell, *supra,* the defendant argues that even though such a hearing is not now required, under the doctrine of the "law of the case" such a hearing was required in this case, and the lack of a transcript which precludes intelligent review of that hearing requires at a minimum the remand of this matter for an additional hearing. This argument is bottomed, of course, upon the proposition that a hearing is in fact required before this court may consider the merits of this appeal. This in turn would require this court on this appeal to follow the principle of law enunciated in the prior appeal and follow the doctrine of the "law of the case." However, there is a recognized exception to the doctrine of the "law of the case" where, as

---

1. *See,* State v. St. John, 108 Ariz. 570, 503 P.2d 791 (1972) ; State v. Masters, 108 Ariz. 189, 494 P.2d 1319 (1972) ; State v. Washington, 108 Ariz. 111, 493 P.2d 493 (1972).

2. A partial solution to this problem has been afforded in Maricopa County by

adoption of Rule 6, Administrative Rules of Maricopa County, 17 A.R.S.

3. *Also see,* Lipman v. Commonwealth of Massachusetts, 475 F.2d 565 (1st Cir. 1973).

here, there has been an intervening change or clarification in the law between the first appeal and the second. As was stated in Gore v. Bingaman, 20 Cal.2d 118, 122–123, 124 P.2d 17, 20 (1942):

"It is true that the law of the case doctrine is a procedural rule which is generally followed, not because the court is without power to reconsider a former determination, but because the orderly processes of judicial procedure require an end to litigation. In the absence of exceptional circumstances of hardship and injustice the need for attributing finality to considered judicial determinations compels the adherence to the previous decision. But the rule should never be made the instrument of injustice. Thus, where the controlling rules of law have been altered or clarified in the interval between the first and second appeal and adherence to the previous decision would result in defeating a just cause, it has been held that the court will not hesitate to reconsider its prior determination."

We are of the opinion that such an exception is as valid in criminal as well as in civil cases. We are further of the opinion that a court may properly consider, in addition to those matters listed in Gore, *supra*, the expenditure of judicial time and effort in pursuing what is now an unnecessary and futile procedure. Taking these factors into consideration, we decline to apply the doctrine of the "law of the case" to this matter and, therefore, hold that it is unnecessary for the defendant to apply first to the trial court to set aside his guilty plea before this court may consider the merits of his appeal. State v. Sullivan, *supra*. Having held that such a hearing is not a prerequisite to our entertaining the appeal, it follows that the lack of a transcript of that hearing is immaterial.

■ The lack of a transcript of the sentencing hearing is also urged as a ground for setting aside the plea of guilty. The defendant has failed to show, however, how he is prejudiced by the lack of such a transcript. He does not attack the sentencing procedure or claim that the sentence was improper or that he was unable to address the court or that the court improperly considered matters in imposing the sentence or that he could not properly present or that the court did not properly consider matters dealing with his motion to withdraw his plea. In short, the defendant has not presented any alleged defects in the sentencing procedure or in connection with his motion to withdraw his plea of guilty heard at the same time which would require this court to review a transcript of those proceedings, if it were available. The only matter which he complains of that occurred at the sentencing hearing was the denial of his motion to withdraw his guilty plea. The ground for this motion was ineffective assistance of counsel, but the underlying facts supporting that ground and argued by the defendant on appeal all occurred prior to the sentencing hearing. Since it is unnecessary for this court to refer to any transcript of the sentencing hearing to determine any issue raised by the defendant, we hold that the lack of such a transcript is not prejudicial to the defendant.

As to the plea itself, the defendant raises two issues, (1) the ineffective assistance of counsel, and (2) the lack of a showing on the record that the plea was knowingly, voluntarily and intelligently made.

■ The grounds urged by the defendant in support of his contention that he was denied effective assistance of counsel are that:

(1) counsel was inexpereienced;

(2) counsel had less than two weeks to prepare for trial;

(3) counsel failed to issue subpoenas for alibi witnesses;

(4) no request for a continuance was made; and,

(5) counsel did not independently determine whether the prior waiver of a jury trial was proper.

Defendant does not contend that by reason of these factors he was coerced into pleading guilty to the crime of forgery. Rather, he urges these as a separate ground for reversing his judgment of conviction and sentence. Under these circumstances we could probably hold that defendant's plea of guilty waived this claim of error. State v. Howard, 106 Ariz. 403, 476 P.2d 858 (1970). On the other hand, even if we consider that defendant is arguing that the alleged ineffectiveness of counsel coerced him into entering a plea of guilty, the argument must fail. First, there is simply no evidence that, in fact, his attorney was inexperienced. But even if he was, we cannot equate inexperience with incompetence rising to the level of a coercive influence in the absence of a factual showing, which is absent here, that such was the case. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. denied, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed. 2d 687 (1967). Second, the lack of time to prepare, the failure to issue subpoenas, the failure to request a continuance and the failure to determine independently the propriety of the waiver of a jury trial are all matters which, to have any probative value, must have been influencing factors on the defendant prior to the time the defendant entered his plea. Otherwise, none of these failures, all of which have importance only if the defendant is, in fact, going to trial, are material where the defendant pleads guilty, obviating the necessity of a trial. Again, there is no contention that they exerted any coercive influence nor would the evidence support such a finding.

■■■ As to the defendant's last contention, the record more than adequately supports the trial court's determination that defendant knowingly, voluntarily and intelligently entered a plea of guilty as these terms are defined in Boykin v. Alabama, supra. The defendant also contends that the trial court should have ascertained whether the defendant was satisfied with his legal representation and whether he was aware that a continuance could have been obtained to give his counsel time to prepare for trial. Counsel has not cited nor has the court found any decision which requires a court to make such an inquiry in order to support a knowing, voluntary and intelligent plea.

The judgment of conviction and sentence are affirmed.

EUBANK, P. J., and HAIRE, J., concur.