510 P.2d 50

**The STATE of Arizona, Appellee,**

v.

**Demetrio MADRID, Appellant.**

**Nos. 1 CA–CR 508, 1 CA–CR 509.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 24, 1973.

Gary K. Nelson, Atty. Gen. of Ariz. by William S. Chick, Law Student (17 A. R.S., Rule 28(e), as amended, Rules of the Supreme Court), William J. Schafer, III and Ronald L. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

Both appeals covered in this opinion were consolidated for argument and disposition since both involve common questions of law and fact.

On October 26, 1970 the defendant, while represented by counsel, entered pleas of guilty to charges of second degree burglary in two separate cases; in both instances the trial court suspended the imposition of sentence for five years upon certain terms of probation. Defendant was arrested for a violation of the terms of his probation and a revocation of probation hearing relative to both cases was heard on February 17, 1972. The minutes of that hearing reflect the following events:

"Deputy County Attorney Wm. Feldhacker is present for the State. Defendant is present with counsel Robert Wertsching. Lynn Swisher, Court Reporter, is present.

This is the time set for hearing on revocation of probation.

Defendant is advised the Court has information the defendant has violated the terms of probation, and is interrogated by the Court.

Gene Godoy is interrogated by the Court.

The Court finds that the defendant has violated the terms and conditions of his probation as heretofore stated in the record.

IT IS THEREFORE ORDERED that the probation of the defendant is revoked."

■ These minutes are set out because it is the only record of this hearing. The official court reporter who covered this hearing has filed an affidavit that she cannot locate her notes and a transcript is not available for review. The court reporter lost her notes when her home was flooded and, although she may have good cause, this again points up the necessity that all reporters' notes taken at such a trial should be retained by the court as part of the official file. See State v. Maxwell, 19 Ariz. App. 431, 508 P.2d 96 (1973).

The defendant alleges that he was not given notice of the charges against him and that there was insufficient basis for the revocation of his probation. Defendant further alleges that all persons were interrogated by the court and that he was not allowed the right of cross-examination.

We must determine what legal effect the lost transcript had on the defendant's rights under the particular facts of this case.

In State v. Ponce, 106 Ariz. 420, 477 P.2d 251 (1970), our Supreme Court remanded the case to the trial court for resentencing and a determination as to whether the defendant had intelligently and voluntarily entered his plea of guilty. In the case, the defendant was not represented by counsel and no court reporter was present. The Supreme Court could not review the case under those facts on the basis of the inadequate record.

In State v. Jackson, 107 Ariz. 371, 489 P.2d 8 (1971), the Supreme Court set aside a revocation of probation in the absence of a reporter's transcript on the grounds that the record failed to show the basis for such revocation. In that case the court pointed out that the power to revoke a probation is given under the statutory authority of A.R.S. § 13–1657 and that without a transcript the record does not reveal that any of the grounds for revocation as set out in the statute in fact existed.

In State v. Masters, 108 Ariz. 189, 494 P.2d 1319 (1972), the Supreme Court reversed a robbery conviction when it appeared a conflict of interest might have prevented a fair trial and there was no reporter's transcript for review.

■■ The lack of a reporter's transcript does not automatically demand a rehearing in such a case. The presence of a court reporter can be waived by the failure to make a timely objection to the absence of such a reporter. State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968); State v. Streett, 11 Ariz.App. 211, 463 P.2d 106 (1969).

■ If the error complained of can be adequately reviewed by other portions of the record and there is no showing that the defendant's rights were prejudiced, the lack of a reporter's transcript does not require a retrial. State v. Washington, 108 Ariz. 111, 493 P.2d 493 (1972); State v. St. John, 108 Ariz. 570, 503 P.2d 791 (1972).

■■ In this particular case there cannot be a waiver since a court reporter was present and the defendant had a right to rely on the assumption that a record was being made of the revocation hearing. The errors complained of here challenge the manner in which the hearing was conducted, the adequacy of the evidence and the reasons for the revocation. Without a transcript we cannot review whether there were statutory grounds for the revocation under the provisions of 5 A.R.S. § 13–1657, page 537, or whether there was a violation of due process.

For cases in other jurisdictions holding that cases must be reversed when a transcript of the trial cannot be produced through no fault of the defendant, see: Colwell v. State, Okl.Cr., 477 P.2d 398 (1969); Ex Parte Perez, Tex.Cr.App., 479 S.W.2d 283 (1972); Commonwealth v. Norman, 447 Pa. 515, 291 A.2d 112 (1972).

■ The State contends that it was the duty of the defendant, under the provisions of Rule 363, Rules of Criminal Procedure, Volume 17 A.R.S. to prepare a statement of evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript.

The Arizona Supreme Court has held this is not a mandatory rule which requires a defendant to recall from memory the proceedings of a hearing for which no transcript is available through no fault of the defendant. State v. Masters, supra.

Since this matter must go back to the trial court for a rehearing on the revocation of probation for the reasons heretofore stated, we will only comment briefly on two other alleged errors in the prior proceedings for the guidance of the trial court in the future disposition of this case.

In CA–CR 509, we believe the defendant must be given credit for all prison time served for the same offense. State v. Johnson, 105 Ariz. 21, 458 P.2d 955 (1969); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ At the rehearing on the revocation of probation the trial court can alleviate the defendant's objections by following the guidelines of the American Bar Association Project on Minimum Standards for Criminal Justice Relating to Probation, as set forth in § 5.4 thereof, and as recently set forth by the United States Supreme Court in the case of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The revocation of probation and the sentence imposed in each of these cases are set aside. Both cases are remanded to the trial court for new hearings and, if warranted, a re-sentencing of the defendant in each case.

DONOFRIO, P. J., and STEVENS, J., concur.