492 P.2d 401

**STATE of Arizona, Appellee,**

v.

**Kenneth W. HARDEN, Appellant.**

**No. 2281.**

Supreme Court of Arizona,
In Banc.

Dec. 10, 1971.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Richardson, Mortensen & Greenhalgh, by Wilford R. Richardson, Safford, for appellant.

UDALL, Justice:

Kenneth W. Harden, hereinafter referred to as the "defendant", was originally charged with four felonies: battery while armed with a deadly weapon (A.R.S. §§ 13–241 and 13–245, subsec. A); kidnapping (A.R.S. § 13–492, subsec. A); lewd and lascivious acts (A.R.S. § 13–652); and infamous crime against nature (A.R.S. § 13–651). These charges arose out of a series of acts perpetrated by the defendant upon the victim, a seventeen year old girl, without her consent and under the threat of immediate death if she did not comply with his lascivious demands.

A jury trial of the cause ended in a mistrial and immediately thereafter the county attorney moved to dismiss Count I, the charge of battery while armed with a deadly weapon. Thereafter, as a result of plea bargaining, the defendant entered pleas of guilty to the following crimes:

"Count I—Kidnapping—A.R.S. § 13–491A(1) & D

Count II—Lewd and lascivious acts—A. R.S. § 13–652

Count III—Infamous crime against nature—A.R.S. § 13–651"

At the time set for sentencing, the court sentenced the defendant to imprisonment in the Arizona State Prison for not less than 20 nor more than 30 years on Count I; to not less than 1 nor more than 5 years on Count II; and to not less than 5 nor more than 20 years on Count III, which sentences were to run concurrently.

The sole question presented on appeal is whether the sentences imposed were excessive under the circumstances.

This Court has consistently held that the trial court has wide discretion in the pronouncement of a sentence and that this Court will uphold a sentence if it is within the statutory limits, unless the sentence under the circumstances is so clearly excessive as to constitute an abuse of discretion. State v. McDonald, 106 Ariz. 130, 471 P.2d 1022 (1970); State v. Gonzales, 106 Ariz. 303, 475 P.2d 485 (1970); State v. Smith,

107 Ariz. 218, 484 P.2d 1049 (1971). From the facts that appear of record in this case, it is evident that the lower court acted within the scope of its discretionary power in imposing the sentences.

Judgment and sentences affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.