494 P.2d 1319

**The STATE of Arizona, Appellee,**

**v.**

**Preston Eugene MASTERS, Appellant.**

**No. 1756.**

Supreme Court of Arizona,
In Division.
March 22, 1972.

Gary K. Nelson, Atty. Gen., by Frank Sagarino, Chief Asst. Atty. Gen., and Ian Macpherson, Asst. Atty. Gen., Phoenix, for appellee.

Harrison, Myers & Singer, by Noel K. Dessaint, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is a delayed appeal (Rule 16 [a], Rules of the Supreme Court, 17 A.R.S.) from a jury verdict and judgment of guilty

to the crime of robbery (§ 13–641 A.R.S.) and a sentence (§ 13–643 A.R.S.) of not less than 15 nor more than 20 years in the Arizona State Prison.

We are asked to determine:

1. Did the trial court judge abuse his discretion in sentencing defendant to not less than 15 nor more than 20 years in prison?

2. Was there a sufficient showing of a conflict of interest between defendant and his attorney to require a reversal and remand for new trial where the reporter's transcript of the trial proceedings cannot be produced through no fault of the defendant?

The facts necessary for a determination of this matter are as follows. At approximately 7:20 p. m. on 27 December 1964, Officer McClellan of the Tempe Police Department approached a pickup truck parked along Industrial Park Avenue and questioned the driver, William Steven Hodge, and his passenger, Arthur Cleo Collins. While Officer McClellan was talking to Hodge and Collins, the defendant, Masters, and Raymond Frank Barron ran up to the truck, jumped in back and started yelling, "let's go, let's go." Masters and Barron were followed shortly by the owner of a nearby liquor store who had just been robbed. Money and a toy pistol were found in the bed of the pickup truck.

An attorney other than the one representing the defendant in this appeal represented the four defendants at the preliminary hearing and was appointed by the court to represent them at the joint trial in the Superior Court. At the preliminary hearing only one of the defendants, Hodge, testified. He stated:

"Q When they jumped in, did you hear them say, 'Let's go'?

"A No, sir.

"Q You have no knowledge of why they jumped in your pickup?

"A No, sir.

"Q You never seen them before?

"A No, sir.

"Q Did you see them both in your pickup?

"A Yes, sir, when the officer went around.

"Q It is rather unusual they would both jump in a strange pickup? Isn't it true you were parked there, waiting for them to make their getaway?

"A No, sir."

At the trial, defense counsel called only William S. Hodge to testify. All four were convicted of robbery. Hodge and Collins were given 3 year suspended sentences. Barron was given 10-15 years in the State Prison, and Masters 15-20 years in the State Prison. These sentences were imposed in May, 1965.

No appeal was taken within the 60 days required by Rule 348, Rules of Criminal Procedure, 17 A.R.S. It was not until 22 December 1966 that a petition for delayed appeal was filed in this court, petitioner alleging that he was under the mistaken impression that his attorney was going to prosecute his appeal. After considering the response of the Attorney General and the affidavit of the trial defense attorney, this court denied defendant's petition for delayed appeal.

Defendant then filed a petition for writ of habeas corpus in the Federal District Court for the District of Arizona. The Federal District Judge (Judge Muecke) ordered that the writ be granted unless the courts of Arizona hold an evidentiary hearing to determine whether defendant's attorney promise to appeal Masters' conviction. On 14 July 1970, we ordered that the case be remanded to the Superior Court for such a hearing. Following the hearing, we granted defendant's petition for delayed appeal and ordered that the Superior Court appoint counsel for the purpose of the appeal.

After what appears to be a diligent attempt to obtain a reporter's transcript of the trial, defendant's attorney filed with this court an affidavit by the court reporter stating that he is unable to locate his notes

taken at defendant's trial and is therefore unable to complete an official transcript of the trial proceedings. No attempt was made to prepare a statement of evidence as provided by Rule 363 of the Rules of Criminal Procedure, 17 A.R.S.

## IS DEFENDANT'S SENTENCE EXCESSIVE?

■■■ Defendant contends that his sentence is excessive in that he received 15-20 years in spite of the fact that he had no prior felony convictions, while two of his co-defendants received suspended 3 year sentences and one received 10-15 years. This court has consistently held that the trial court has wide discretion in the pronouncement of a sentence and that we will uphold a sentence if it is within the statutory limits, unless the sentence under the circumstances is so clearly excessive as to constitute an abuse of discretion. State v. Harden, 108 Ariz. 22, 492 P.2d 401 (1971); State v. McDonald, 106 Ariz. 130, 471 P.2d 1022 (1970); State v. Caron, 105 Ariz. 122, 460 P.2d 176 (1969). In the instant case, the sentence imposed was within the statutory limits of 5 years to life imprisonment. § 13–643 A.R.S. Masters had been arrested for larceny of an auto previously and had been found guilty of petty larceny in 1963. Finally, there was also some evidence to indicate Masters held the pistol during the robbery and was an active participant in the robbery. We are unable, therefore, to conclude that the trial court judge abused his discretion in sentencing Masters to 15 to 20 years in the Arizona State Prison.

## IS DEFENDANT ENTITLED TO A NEW TRIAL?

Defendant contends that he was denied adequate assistance of counsel in that his attorney was involved in a conflict of interest in representing all four co-defendants jointly. Hodge was the only one of the defendants who testified at the preliminary hearing or at the trial.

The cross-examination of the police officer at the preliminary hearing by defendant Masters' attorney hardly appears to favor Masters:

"Q By the way, did anybody find a weapon?

"A I believe a cap pistol was found and a pocket knife was taken off one of the men.

"Q Which man?

"A. I don't recall.

"Q Where was the cap pistol found?

"A I believe it was found in the cab of the pickup truck.

\* \* \* \* \* \*

"Q Wasn't the cap pistol found on Masters here?

"A I don't know."

This court has recently stated that on appeal the court reporter's inability to furnish a transcript of a guilty plea entered prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is not a denial of due process where the plea was a result of a plea bargain. The defendant was represented by counsel and the available record supported the conclusion that the plea was voluntarily made. State v. Washington, 108 Ariz. 111, 493 P.2d 493, filed February 3, 1972. Depending upon the alleged error complained of, the situation can be very different when the reporter's transcript of an entire trial is missing.

Other states have held that where the record is missing through no fault of the defendant, a new trial must be granted:

"We have repeatedly held that where a timely request for a record has been made and through no fault of the defendant the record cannot be prepared or certified by the court reporter a new trial will be granted. (citations omitted)." Colwell v. State (Okl.Cr.), 477 P. 2d 398, 399 (1970).

The Supreme Judicial Court of Massachusetts made the following statement in a civil case:

"The precise question here has arisen a number of times in other jurisdictions and it has generally been held that where

a party, without fault or neglect, is unable to have his case reviewed on appeal because of the unavailability of the stenographic record he will be granted an opportunity to retry the case. (citations omitted)." Brooks v. National Shawmut Bank of Boston, 323 Mass. 677, 84 N.E.2d 318, 322 (1949).

 The State contends that defendant should have taken advantage of Rule 363 of the Rules of Criminal Procedure, 17 A.R. S., which provides defendant a means of bringing his claim of error before the court in situations where the stenographic report is unavailable. Rule 363 states that in these circumstances, "the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript." Perhaps in some situations a defendant should be required to make an attempt to reconstruct the record as Rule 363 would allow him to do. However, we do not read Rule 363 as a mandatory statute requiring the defendant, some 6 years after trial, to recall from his memory the proceedings of that trial. Such a record would probably not be of much aid to the appellate court in making its determination, if indeed, the parties could agree on what the statement was to contain.

We have stated that, " * * * where a lawyer undertakes to represent two or more co-defendants and an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed." State v. Kruchten, 101 Ariz. 186, 199, 417 P.2d 510, 523 (1966). See also State v. Belcher, 106 Ariz. 170, 472 P.2d 39 (1970). Whether or not a conflict of interest at the trial stage could have been shown is mere speculation since the reporter's transcript is not available to us for our inspection. We believe, however, that defendant has made, upon the record available, a prima facie case of conflict of interest.

We are not prepared to say that in every case involving a lost or unavailable reporter's transcript the defendant is entitled to a new trial. Absent a showing of reversible error, or at least a credible and unmet allegation of reversible error, we are inclined to hold that the remaining record will suffice to support an affirmation of a verdict and judgment by the trial court. Where, however, through no fault of the defendant the reporter's transcript is unavailable and the defendant has shown prima facie fundamental error, we feel that a new trial should be granted.

Judgment and sentence reversed and remanded for new trial in accordance with this opinion.

STRUCKMEYER, and HOLOHAN, JJ.; concur.