873 F.2d 1441
 14 Fed.R.Serv.3d 571
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda K. VENTURINO, James L. Venturino, Raychell Stepp
Coleman and Philip Brian Coleman, Individually and
as Administratrix of the Estate of
Phillip Daniel Coleman,
Deceased, Plaintiffs-Appellees,
v.
RICH'S BETTER GREASE SERVICE, INC., a corporation,
Defendant-Appellant.
 No. 88-2095.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1988.
Decided: April 12, 1989.
Rehearing and Rehearing In Banc Denied May 10, 1989.
 
 1
 William Edward Mohler, II, for appellant.
 
 
 2
 John Harlow Bicknell (Menis E. Ketchum, Greene, Ketchum, Bailey & Tweel, on brief), for appellee.
 
 
 3
 Before WILKINS, Circuit Judge, ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 
 PER CURIAM
 
 4
 This personal injury and wrongful death case arises from a collision between a truck owned by defendant-appellant Rich's Better Grease Service, Inc. ("defendant") and a car driven by Brenda Venturino. Plaintiff-appellee Raychell Coleman, Venturino's daughter, was a passenger in the car at the time of the accident. The two vehicles were travelling in opposite directions on a two-lane highway and were about to meet and pass when the collision occurred. Each driver insists the other crossed the center lane and caused the wreck. Both Venturino and Coleman suffered extensive injuries, including permanent brain injury to Raychell Coleman. In addition, Coleman's eight and one-half month viable fetus was killed.
 
 
 5
 At the time of the accident, Venturino was insured against automobile-related liability by State Farm Insurance Company. State Farm investigated the accident and subsequently paid to Coleman and Coleman's husband, Brian, the amount of Venturino's policy limit in settlement of any potential claims against Brenda Venturino. State Farm additionally made payments to Venturino for the property damage to her automobile.
 
 
 6
 During State Farm's investigation of the accident and prior to making its settlement payment to the Colemans, State Farm hired Gregg Manning, an accident reconstruction expert. Jack Brewster, the State Farm claims investigator, stated in an affidavit that State Farm hired Manning in anticipation of an expected negligence suit but had not intended to call him as a witness at trial. At the time of the investigation, however, no suit had been filed against Venturino, although Raychell Coleman had retained an attorney. As of the date of the hearing in this cause, no action has been filed against Venturino.
 
 
 7
 In August, 1986, the Venturinos and Colemans brought suit in the district court against defendant based on alleged negligence of the defendant's truck driver. In September, 1986 plaintiffs filed an amended complaint. In addition, State Farm indicated that it would seek recovery from defendant on a subrogated property damage claim for the damage to Venturino's car.
 
 
 8
 Prior to the trial, defendant noticed the deposition of State Farm's expert Gregg Manning. Defendant's counsel contended, and still contends, that Manning's expert opinion supports defendant's theory that the car driven by Brenda Venturino swerved into the path of defendant's truck. Plaintiff's counsel moved to quash the taking of the deposition. Citing Fed.R.Civ.P. 26(b)(4)(B)[1] and making the applicable findings, the district court entered an order prohibiting the defendant from deposing Manning.
 
 
 9
 Defendant then asserted that Manning would be called as one of defendant's witnesses at trial. This, too, the district court barred stating, in a later memorandum opinion, that defendant's "[c]ounsel could produce no competent authority in support of its action and this court ruled that defendant could not call Manning to testify."
 
 
 10
 At the end of the trial, bifurcated as to the action's liability and damages components, the jury returned a verdict in favor of Raychell Coleman, Brian Coleman, and Brian Coleman as administrator of the estate of the unborn child for a total of $2,290,722.92. Defendant thereafter moved the district court to set aside the jury verdict and enter judgment in defendant's favor. The district court denied this motion, which it considered a motion for judgment n.o.v. It is from this action of the district court that defendant now appeals. We consider whether the district court erred in refusing to permit defendant to depose Gregg Manning or to call him as a witness.[2]
 
 
 11
 The district court determined that Fed.R.Civ.P. 26(b)(4)(B) barred defendant from deposing Gregg Manning. Rule 26(b)(4)(B) provides that:
 
 
 12
 [a] party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. (Emphasis added.)
 
 
 13
 The reference to Rule 35(b) is clearly inapplicable in this case as that Rule deals with discovery of the reports of examining physicians and was appropriately ignored by the district court in its analysis. With respect to the applicability of the remaining provisions of the rule, the district court made certain findings and conclusions that defendant now challenges.
 
 
 14
 First, Rule 26(b)(4)(B) applies only to experts retained or employed by "another party." Defendant insists that State Farm was not such a party. The district court, prior to trial, ruled that State Farm was a party to the instant action by virtue of its subrogation claim for property damage to Brenda Venturino's car. Subsequently, in response to a motion by the defendant, the district court added State Farm as a nominal plaintiff and declared State Farm a real party in interest pursuant to Fed.R.Civ.P. 17(a).
 
 
 15
 Defendant contends that the district court pulled an "end play" (the Court takes this phrase to mean an "end run") to get around the requirement that the expert must have been retained by "another party." Defendant appears to premise its contention on the fact that the district court entered its order making State Farm a nominal party and declaring it a real party in interest after making the ruling that Rule 26(b)(4)(B) barred defendant's deposing of Manning. In light of the fact that the court's addition of State Farm as a party was initiated by the defendant, defendant's argument of an end run is clearly disingenuous. Furthermore, we are not willing, nor is there any basis, to speculate, that the district court was attempting to construct a post hoc justification for its earlier ruling on defendant's attempt to depose Manning, and we emphatically reject any such suggestion.
 
 
 16
 In any event, the timing of State Farm's addition as a nominal party is not dispositive to the applicability of Rule 26(b)(4)(B). The district court found at the time of its ruling barring the deposition of Manning that State Farm was a real party in interest since it possessed the subrogation claim. In our view, the "party" element of Rule 26(b)(4)(B) was satisfied at this point. State Farm's real party in interest status was merely recognized, not created, by the district court's subsequent order.
 
 
 17
 Defendant next contends that the district court erred in ruling that State Farm hired Manning in anticipation of litigation and that State Farm did not intend to call Manning as a witness at trial. These rulings were findings of fact which we will not disturb absent a showing that they are clearly erroneous. The District Court had before it credible evidence to support these two findings, including an uncontradicted affidavit of State Farm's investigator Brewster. Cf. Marine Petroleum Co. v. Champlin Petroleum Co., 641 F.2d 984, 991 & 994-95 (D.C.Cir.1980). We, therefore, defer to the district court's generally superior fact finding capacity.
 
 
 18
 Further, defendant has made no real effort to show that Manning's deposition should have been allowed because of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B). According to one treatise:
 
 
 19
 [i]t has been said that "since a litigant will not know what facts the opposing party's experts have discovered and what opinions they have formed, it will rarely be possible to make the required showing [of exceptional circumstances].
 
 
 20
 8 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2032 at 256 (1970) (quoting U.S. v. Meyer, 398 F.2d 66, 76 (9th Cir.1968)). Defendant's counsel is convinced, however, that he already knew what Manning's opinion was and actually sought to depose him to confirm his existing belief that the expert's opinion would be damaging to the plaintiffs' case. Nevertheless, the record contains no evidence that defendant had ascertained that Manning is the only expert who held an opinion favorable to defendant's position. Indeed, the rule only speaks of the impracticability of obtaining "opinions on the same subject." Given the widespread availability of accident reconstruction experts, we have no doubt that defendant could easily have obtained another, albeit not necessarily as favorable, expert opinion on the subject. Nothing in the rule indicates that the choiceness of the other available opinions should be a factor in the court's analysis.
 
 
 21
 In summary, the district court correctly ruled that State Farm was a party. In addition, the district court made adequately supported findings that Manning was hired in anticipation of litigation and that State Farm never intended to call Manning as a witness. Finally, as we have previously stated, defendant has not carried its burden in showing that the exceptional circumstances exception in Rule 26(b)(4)(B) is applicable. Accordingly, we conclude that the district court was correct in ruling that rule 26(b)(4)(B) barred defendant's deposition of Manning.
 
 
 22
 Defendant next challenges the district court's refusal to allow defendant to call Gregg Manning as a witness at trial. In its memorandum opinion denying defendant's motion for a judgment n.o.v., the district court explained that:
 
 
 23
 ... defendant announced that it intended to call Manning as a witness at trial despite its inability to depose him. Counsel could produce no competent authority in support of its action and this court rules that defendant could not call Manning to testify.
 
 
 24
 Although the district court did not state with specificity its basis for prohibiting defendant from calling Manning, it appears that the district court believed the prohibition to be a natural extension of Rule 26(b)(4)(B) which "is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation," see Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir.1984).
 
 
 25
 The issue of whether Rule 26(b)(4)(B) can be read to contain a proscription on trial testimony has not received extensive consideration in the case law. Although we do not construe Rule 26(b)(4)(B), under the facts of this case, to contain a broad proscription against calling witnesses who could not have been deposed under the rule, see Granger v. Wisner, 134 Ariz. 377, 656 P.2d 1238, 1242-43 (1982) (construing Arizona's counter-part civil procedure rule 26(b)(4)(B) which is identical both textually and foundationally to Fed.R.Civ.P. 26(b)(4)(B)); but see Healy v. Counts, 100 F.R.D. 493, 496-97 (D.Colo.1984), we are persuaded that the district judge in this case did not abuse his discretion in ruling that the defendant could not call Manning to testify. See Campbell Industries v. M/U Gemini, 619 F.2d 24, 27 (9th Cir.1980) ("A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.")
 
 
 26
 Accordingly, the judgment of the district court is
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 See text of the rule, infra, in the text of this opinion
 
 
 [2]
 Defendant asserted four other grounds of error by the district court, all of which we conclude, on the basis of the trial court's rulings, are without merit