NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE LEGAL
PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DUANE ASHMEADE, *Appellant.*

No. 1 CA-CR 14-0158
FILED 5-14-2015

Appeal from the Superior Court in Maricopa County
No. CR 1996-091873
The Honorable Louis A. Araneta, Judge (Retired)
The Honorable M. Scott McCoy, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

Duane Ashmeade, Kingman
*Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

**N O R R I S,** Judge:

**¶1** Duane Ashmeade timely appeals from his convictions and sentences for four counts of transporting marijuana for sale or transferring marijuana weighing more than two pounds, class 2 felonies; four counts of possession of marijuana for sale weighing four pounds or more, class 2 felonies; and one count of use of wire communication or electronic communication in a drug related transaction, a class 4 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Ashmeade's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Ashmeade to file a supplemental brief *in propria persona*, and Ashmeade did so. We reject the arguments raised by Ashmeade in his supplemental brief and, after reviewing the entire available record, find no fundamental error. Therefore, we affirm Ashmeade's convictions. We also affirm his sentences as corrected to eliminate a discrepancy between the sentencing minute entry and the sentencing court's oral pronouncement of sentence.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2** On June 21, 1996 a grand jury indicted Ashmeade as follows: possessing and transporting or transferring marijuana on or about June 4, 1996—counts one and two; possessing and transporting or transferring marijuana on or about June 5, 1996—counts three and four; possessing and transporting or transferring marijuana on or about June 11, 1996—counts five and six; possessing and transporting or transferring marijuana on or about June 13, 1996—counts seven and eight; and unlawful use of a wire or

---

[1]We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all reasonable inferences against Ashmeade. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

electronic communication to facilitate the above counts on or between June 4 and 13, 1996—count nine. The trial court released Ashmeade conditioned on the posting of a $159,000 secured appearance bond.[2] Through a surety, Ashmeade posted the $159,000 bond on June 28, 1996, and with the trial court's permission, returned to his home in New York. Subsequently, Ashmeade submitted a signed and notarized acknowledgement to the trial court, and acknowledged his then September 26, 1996 "non-firm" trial date, and confirmed he was aware he could be tried in absentia if he failed to appear for trial.

¶3        On September 26, 1996 Ashmeade appeared for his non-firm trial date. After submitting a second acknowledgement on October 17, 1996 acknowledging that he did not need to appear for his November 8, 1996 non-firm trial date, Ashmeade waived his presence for and did not appear at that hearing. On December 6, 1996 Ashmeade submitted a third acknowledgement and acknowledged a non-firm trial date of December 9, 1996 and confirmed he was aware he could be "tried in absentia, should [he] fail to appear at [his] firm trial date." On December 9, 1996, having failed to waive his presence or appear, the trial court issued a bench warrant for Ashmeade's arrest, set a bond forfeiture hearing for February 6, 1997, vacated the non-firm trial date, and set a firm trial date for February 3, 1997. It also ordered that if Ashmeade failed to appear, trial would "proceed in absentia." The trial court sent a copy of its December 9, 1996 minute entry to Ashmeade. At defense counsel's request, the trial court rescheduled the firm trial date to March 10, 1997.

¶4        Subsequently, the trial court ordered defense counsel to send Ashmeade a registered letter, return receipt requested, and to try to telephonically contact him to "apprise" him of his new firm trial date, and that trial would proceed in absentia if he failed to appear. On February 14, 1997 defense counsel filed an affidavit stating he had "sent a registered, return receipt requested letter to [Ashmeade] advising him of his trial date and that . . . if he failed to appear he would be tried in absentia." Defense counsel also stated "[t]o date we have not received the return receipt back" and "[i]n the meantime, I have attempted to telephonically reach [Ashmeade] on a daily basis with no success." Because the trial court was

_____

[2]The proceedings in this case occurred at different times due to Ashmeade's fugitive status. Thus, we refer to the court handling matters until Ashmeade's apprehension as the "trial court" and the court handling matters after Ashmeade's apprehension as the "sentencing court."

in trial on an unrelated matter, with the parties' agreement, it rescheduled trial for March 11, 1997.

¶5        Ashmeade failed to appear for trial on March 11, 1997. After being advised by defense counsel that "the last contact his office had with [Ashmeade] was on or about December 4, 1996," the trial court found Ashmeade's failure to maintain contact with his attorney and failure to appear demonstrated a knowing, intelligent, and voluntary waiver of his right to be present for trial and ruled "trial may proceed in his absence" ("absentia finding"). On March 26, 1997, the jury found Ashmeade guilty as charged. Based on Ashmeade's failure to appear, the trial court reaffirmed the bench warrant for Ashmeade's arrest and ordered sentencing to be set upon his appearance in court.

¶6        On March 27, 1997, a different division of the superior court held a bond forfeiture hearing, and, after finding "no reasonable cause" for Ashmeade's failure to appear, forfeited the secured appearance bond and entered a $159,000 judgment against him, his bonding company, and its surety. The judgment was satisfied on May 9, 1997. The bond forfeiture court also sent a copy of its forfeiture hearing minute entry to Ashmeade. The record does not indicate either the bond forfeiture minute entry or the December 9, 1996 minute entry sent to Ashmeade, *see supra* ¶ 3, was returned as undeliverable.

¶7        On September 24, 2013—over 16 years after his trial in absentia—Ashmeade was taken into custody after being extradited from Texas. On January 24, 2014, in response to Ashmeade's motion challenging the trial court's absentia finding, the sentencing court held an evidentiary hearing to determine whether Ashmeade had been voluntarily absent from trial.

¶8        At the evidentiary hearing, Ashmeade testified he had been in constant contact with his bail bondsman in New York and had not learned about his trial date until after the trial was over. He admitted signing the first two acknowledgements listing the non-firm trial dates but denied signing the third, notarized acknowledgement. Ashmeade said he had never been able to reach his attorney despite calling "thousands of times," and after he discovered he had been tried in absentia and convicted, he stopped trying because he was "scared." Ashmeade also denied knowing about the bench warrant until he was apprehended in 2013.

¶9        Michael G., Ashmeade's friend, also testified at the evidentiary hearing. He explained he had retained Ashmeade's attorney

after Ashmeade had been arrested. Although he only met Ashmeade's attorney once, he testified that he went to the attorney's office five to seven times because Ashmeade frequently called him to find out his trial date. Despite paying several visits to the attorney, and calling frequently, Michael G. denied being told about Ashmeade's trial date or bench warrant. After Michael G. testified, and Ashmeade's counsel made a closing argument, the sentencing court advised the parties it had found the testimony of Ashmeade and Michael G. not credible. It explained it would review the hearing "exhibits" and would let the parties know after reviewing the documents whether it would need additional evidence before it could rule on Ashmeade's motion. As discussed further below, the record does not clearly reflect which exhibits the sentencing court actually admitted into evidence. *See infra* ¶ 23.

¶10 On January 30, 2014 the sentencing court denied Ashmeade's motion, found his absence from trial voluntary, and affirmed his convictions. *See infra* ¶ 12. Before the sentencing hearing, the State submitted a sentencing memorandum and argued that although Ashmeade had been "convicted of all eight drug offenses, these charges [were] from only four separate offenses as there [were] two felony charges, each with a different legal theory, for each date of offense" and thus "the counts with the same date of offense must run concurrently to each other . . . ." *See generally* Ariz. Rev. Stat. ("A.R.S.") § 13-116 (2010).[3] At the sentencing hearing, as we discuss in more detail below, the court sentenced Ashmeade to five years' imprisonment on counts one through eight, and to two and a half years on count nine, with all sentences to run concurrently. It also ordered Ashmeade to pay $1,810.49 in extradition costs. The sentencing court awarded Ashmeade 276 days of presentence incarceration credit against each of the nine counts.

**DISCUSSION**

I.    Supplemental Brief

¶11 In his supplemental brief, Ashmeade argues the trial court violated his due process rights by conducting the trial in his absence. He also accuses the State of contributing to the violation of his due process

---

[3]The Arizona Legislature enacted A.R.S. § 13-116 in 1978 and enacted A.R.S. § 12-2234, *see infra* ¶ 20, in 1994 and has not amended either statute. Thus, we cite to the current versions of these statutes.

rights by failing to exhaust "all options" to ensure his presence at trial. Neither argument has any merit.

¶12 It was Ashmeade's obligation to be present at trial, and, at the evidentiary hearing, he bore the burden of overcoming the inference his absence was voluntary. *See* Ariz. R. Crim. P. 9.1; *State v. Sainz*, 186 Ariz. 470, 473 n.2, 924 P.2d 474, 477 n.2 (App. 1996). In finding Ashmeade's absence from trial voluntary, the sentencing court recited some of the "fantastic details" Ashmeade offered during his testimony at the evidentiary hearing:

- Someone with unknown motive forged Defendant's signature on [his third acknowledgement] but not [the first and second acknowledgements] and found a notary in New York who did not require the forger to present identification.

- Defendant's bondsman, who he says checked on him every week, failed to inform or remind Defendant of his court dates and did not know about Defendant's bench warrant or trial date.

- Defendant did not receive his attorney's certified mail letter in February 1997 addressed to him in New York, even though he admittedly received letters from counsel there at least twice previously.

- Defendant's bondsman knew where he was at all relevant times and did not surrender him in Maricopa County even after learning Defendant had been convicted, instead choosing to pay, after not appealing, a $159,000 judgment.

¶13 Based on the record before it, the sentencing court did not abuse its discretion in rejecting Ashmeade's excuses for being absent from trial and in finding his absence voluntary. *See State v. Holm*, 195 Ariz. 42, 43, ¶ 2, 985 P.2d 527, 528 (App. 1998), *disapproved in part on other grounds*, *State v. Estrada*, 201 Ariz. 247, 34 P.3d 356 (2001) (appellate court will not upset superior court's finding of voluntary absence from trial absent abuse of discretion). Further, because Ashmeade was obligated to appear at trial,

the State was under no obligation to exhaust "all options" to ensure his trial attendance.

¶14            Ashmeade also argues he failed to appear for trial because of a communication breakdown with his counsel.  The record before the sentencing court, however, reflects trial counsel made several efforts to contact him.  *See supra* ¶ 4.

¶15            Next, Ashmeade argues the trial court violated his due process rights because transcripts of the trial proceedings are not available.  The record before us reflects the court reporters who were present at his trial were not able to transcribe the proceedings because—due to the passage of time—they no longer had their trial notes.  The passage of time rests squarely on Ashmeade.  *Cf. State v. Masters*, 108 Ariz. 189, 192, 494 P.2d 1319, 1322 (1972) (new trial warranted where transcripts were unavailable "through no fault of the defendant").  Although, according to Ashmeade, he learned "about 17 years ago" that the trial had gone forward and he had been convicted, he took no action to challenge the trial, his convictions, or the trial court's finding that he had failed to appear at trial voluntarily.

¶16            Even though he was tried in absentia, Ashmeade has a constitutional right to appeal, Ariz. Const. art. 2, § 24, and although that right includes the right to a complete trial record, the absence of such a record does not per se require a new trial.  *See Masters*, 108 Ariz. at 192, 494 P.2d at 1322 (absent showing of reversible error or credible and unmet allegation of reversible error, remaining record suffices to support verdict and judgment by trial court).  Thus, although incomplete, we must assume the record supports the judgment absent a credible and unmet allegation of reversible error.  *See State v. Scott*, 187 Ariz. 474, 476, 930 P.2d 551, 553 (App. 1996).  Ashmeade does not make a "credible and unmet allegation of reversible error" but instead only argues that he has been deprived of his due process rights because the trial transcript is not available.

¶17            Further, the available record on appeal reflects the trial court conducted the trial properly and in accordance with the law and the Arizona Rules of Criminal Procedure.  The record also contains audio and video recordings which support Ashmeade's convictions.  Thus, Ashmeade's due process rights were not violated by the unavailability of trial transcripts.

¶18            Relatedly, Ashmeade argues his due process rights were violated when the evidentiary hearing court reporter took 11 months to produce the transcript for that hearing.  Assuming without deciding that a

delay in transmitting transcripts to an appellate court may violate a defendant's due process rights, we nevertheless reject Ashmeade's argument. Because we are affirming his convictions and sentences, the 11 month delay did not cause him any prejudice.

**¶19** Ashmeade further argues his trial counsel was ineffective because he submitted Ashmeade's signed and notarized acknowledgements to the trial court without his consent. He also argues his counsel at the evidentiary hearing was ineffective because he did not object to the State's introduction of trial counsel's affidavit as inadmissible hearsay. These arguments are not properly before us. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007) ("defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review").

**¶20** Next, Ashmeade argues his trial counsel disclosed attorney-client privileged information to the trial court when counsel informed the court of his efforts to contact Ashmeade. Privileged communications are governed by A.R.S. § 12-2234 (2003), which provides that an attorney shall not "be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment" without his client's consent. Ashmeade's counsel's statements to the trial court did not reveal confidential attorney-client information. The record reflects defense counsel merely advised the court of his *attempts* to reach Ashmeade and, thus, the privilege does not apply. *See Granger v. Wisner*, 134 Ariz. 377, 379-80, 656 P.2d 1238, 1240-41 (1982) (privilege "does not extend to facts which are not part of the communication" such as dates and number of contacts between attorney and client).

**¶21** Ashmeade also argues the trial court violated his right to his "attorney of choice" when it allowed an attorney, other than the one Ashmeade had retained, to appear on his behalf. The record reflects that on January 31, 1997, an attorney from the same law firm as the original attorney retained by Ashmeade appeared on Ashmeade's behalf and then represented him through trial. Although a defendant is entitled to the retained counsel of his choosing, that right is not absolute. *See State v. Coghill*, 216 Ariz. 578, 588, 169 P.3d 942, 952 (App. 2007). Courts are given "wide latitude in balancing the right to counsel of choice against the needs of the criminal justice system to fairness, court efficiency, and high ethical standards." *Id*. (internal quotation marks omitted). The record before us reflects that substitute counsel actively litigated the matter, filed appropriate motions challenging the admission of evidence, and fully

participated at trial. The record reflects no prejudice to Ashmeade caused by the substitution of counsel.

¶22        Ashmeade also argues the sentencing court at the evidentiary hearing violated his right to confront and cross-examine the State's witnesses—his retained and substitute trial counsel—when it allowed the State to introduce defense counsel's February 14, 1997 affidavit describing his pretrial attempts to contact Ashmeade, *see supra* ¶ 4, without affording Ashmeade the opportunity to cross-examine him. *See State v. Parker*, 231 Ariz. 391, 402, ¶ 38, 296 P.3d 54, 65 (2013) (Confrontation Clause "bars admission of out of court testimonial evidence," such as affidavits, "unless the defendant has had an opportunity to cross-examine the declarant.").

¶23        First, it is not clear to us whether the sentencing court admitted the February 14, 1997 affidavit into evidence. The evidentiary hearing minute entry reflects that the affidavit was admitted into evidence, however, neither the exhibit list nor the actual affidavit exhibit show that it was. Nevertheless, the colloquy between the court and defense counsel suggests counsel had no objection to the admission of the affidavit:

> Court: Any objection to [the affidavit], [counsel]?
>
> Counsel: No. [It's] admissible. I mean, there's proper foundation. It's just that there hasn't—I mean [it's] part of the file.

¶24        Second, even if we assume the sentencing court improperly admitted the affidavit, given the lack of any objection to its admission, we review only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005) ("To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice."). The sentencing court's ruling does not reflect that it considered the affidavit when it found Ashmeade's absence voluntary. *See supra* ¶ 12. Therefore, Ashmeade has not established either fundamental error or prejudice.

¶25        Ashmeade also argues the trial court should have granted the State's 2008 motion requesting the court dismiss the proceeding without prejudice. We review the trial court's denial of the State's motion to dismiss for an abuse of discretion. *See State v. Huffman*, 222 Ariz. 416, 419, ¶ 5, 215 P.3d 390, 393 (2009). The trial court denied the motion, finding "no good cause appearing." Given that the jury had convicted Ashmeade years earlier, the trial court did not abuse its discretion in denying the motion.

¶26        Finally, Ashmeade argues the sentencing court should have awarded him presentence incarceration credit for the time he spent in custody on charges filed against him in Texas.  As a matter of law, Ashmeade was not entitled to any credit for that time.  *See State v. Bridgeforth*, 156 Ariz. 58, 59, 750 P.2d 1, 2 (App. 1986) ("Credit may only be awarded for time actually spent in custody pursuant to the offense.").

II.    Anders Review

¶27        We have reviewed the entire available record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Ashmeade received a fair trial.  He was represented by counsel at all stages of the proceedings, and was present during the evidentiary hearing and sentencing, after having voluntarily absented himself from trial.

¶28        The available record reflects the evidence presented at trial was substantial and supports the verdicts.  The jury was properly comprised of 12 members, and the trial court properly instructed the jury on the elements of the charges, Ashmeade's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The sentencing court received and considered a presentence report and gave Ashmeade an opportunity to speak at sentencing, and he did so, and his sentences were within the range of acceptable sentences for his offenses.

¶29        We note, however, a discrepancy between the sentencing court's minute entry and its oral pronouncement of sentence.  Before the sentencing hearing, the State submitted its sentencing memorandum to the court, *see supra* ¶ 10, and argued Ashmeade "must be sentenced pursuant to A.R.S. § 13-3419(A)(4)" because the first eight counts constituted four separate offenses.  At the sentencing hearing, the State reiterated its argument that A.R.S. § 13-3419(A)(4) (1996) governed Ashmeade's sentencing beginning with the "third date of offense"—count five.  The sentencing court responded, "[t]hat's my understanding as well."[4]  The

---

[4]Although the sentencing court imposed sentences on counts three, four, and nine pursuant to A.R.S. § 13-701, we note that section 3419(A)(4) was the appropriate sentencing statute for those counts.  *See State v. Dominguez*, 192 Ariz. 461, 464, ¶ 8, 967 P.2d 136, 139 (App. 1998) (A.R.S. § 13-3419 is "the exclusive sentencing provision for multiple drug offenses not committed on the same occasion but consolidated for trial.").  The "presumptive term" under A.R.S. § 13-3419(A)(4) was seven years' imprisonment for counts three and four, and three years' imprisonment for

sentencing minute entry, however, fails to reference A.R.S. § 13-3419(A)(4). Thus, we correct the sentencing minute entry to eliminate references to A.R.S. §§ 13-701 and -702 for counts three through nine and replace those references with A.R.S. § 13-3419(A)(4).

## CONCLUSION

**¶30**        We decline to order briefing and affirm Ashmeade's convictions and sentences as corrected.

**¶31**        After the filing of this decision, defense counsel's obligations pertaining to Ashmeade's representation in this appeal have ended. Defense counsel need do no more than inform Ashmeade of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶32**        Ashmeade has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Ashmeade 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

count nine. We will not, however, "correct sentencing errors that benefit a defendant, in the context of his own appeal, absent a proper appeal or cross-appeal by the state." *State v. Kinslow*, 165 Ariz. 503, 507, 799 P.2d 844, 848 (1990).